

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-74,867-02

### EX PARTE DANIEL TOLOPKA, II, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. CM-06-522 IN THE 278TH DISTRICT COURT FROM LEON COUNTY

*Per curiam*.

### O R D E R

Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07. According to the record, the trial court held an evidentiary hearing on October 26, 2022, but the transcript of the hearing was not forwarded to this Court. Under Article 11.07 of the Texas Code of Criminal Procedure, a reporter is required to transcribe a hearing within fifteen days of its conclusion and then to immediately forward the transcript to the district clerk in the county of conviction. *Id*. at § 3(d). After receiving the transcript, the district clerk is required to forward it, among other things, to this Court. *Id*.; *see also* TEX. R. APP. P. 73.4(b)(4).

The district clerk shall serve the reporter in Applicant's case with a copy of this order and

then either forward to this Court the transcript of the evidentiary hearing or certify in writing that the reporter has not transcribed the hearing.

Under Article 11.07 of the Texas Code of Criminal Procedure, a district clerk is required to forward to this Court, among other things, "the application, any answers filed, any motions filed, transcripts of all depositions and hearings, any affidavits, and any other matters such as official records used by the court in resolving issues of fact." *Id*. at § 3(d); *see also* TEX. R. APP. P. 73.4(b)(4). The record forwarded to this Court appears, however, to be incomplete. The findings of fact reference affidavits filed by counsel, but those affidavits are not included in the record forwarded to this Court. The district clerk shall comply with this order within thirty days from the date of this order.

Filed: November 02, 2022
Do not publish